IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JeJauncey Fernando Harrington, | ) | Case No. 4:20-cv-01198-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director Ray, Officer Tammy Moses, | ) | |
| Officer Blanche Quick, Officer Machia | ) | |
| Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On April 13, 2020, the Magistrate Judge issued a Report recommending that this action be summarily dismissed as duplicative of a previously filed lawsuit. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF Nos. 11.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

In the present action, Plaintiff alleges that Defendants failed to protect him from a known risk of harm.  As stated above, the Magistrate Judge recommends that this action be dismissed as duplicative.  Upon de novo review of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge.  Plaintiff's prior action was dismissed without prejudice for failure to exhaust administrative remedies. *Harrington v. Ray*, 4:18-cv-2743-DCC.   Plaintiff's current action is entirely duplicative of his prior lawsuit.[1]  Accordingly, it is subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915.   The Court would note that it is the duplicative nature of this

---

[1] The Court notes that Plaintiff objects and argues that the action is not entirely duplicative because he includes a letter from his attorneys regarding payment of his hospital bills.  ECF No. 11 at 1.  The Court has reviewed this letter and finds that it does not affect the exhaustion of his administrative remedies pursuant to the Prison Litigation Reform Act.

2

proceeding that makes it "frivolous"; that phrasing is not meant to diminish the substance of Plaintiff's allegations.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint is **DISMISSED** without prejudice and without issuance of service of process.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 30, 2020
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The Court declines to automatically grant leave to amend the complaint because no amendment can cure the defects in the case.

3